**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-7168**

---

GREGORY LEON HAMMER,

        Petitioner - Appellant,

    v.

CHADWICK DOTSON,

        Respondent - Appellee.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:23-cv-00003-EKD-JCH)

---

Submitted:  April 18, 2024                                          Decided:  April 19, 2024

---

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Gregory Leon Hammer, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Leon Hammer, a Virginia prisoner, seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Hammer has not made the requisite showing. Specifically, Hammer asserted (a) prosecutorial misconduct, predicated on the Commonwealth's alleged interference with Hammer's ability to interview Guy Venable, who Hammer maintained was a potentially exculpatory witness; and (b) that the trial court violated Hammer's right to self-representation by denying him a continuance to interview Venable. In a thorough and well-reasoned order, the district court correctly deferred to the Virginia Court of Appeals' ruling that no prejudice resulted from the alleged restraint on Hammer's ability to interview Venable because Venable's testimony was irrelevant to the charges Hammer faced, and the record established that

2

Hammer had contact with Venable before trial. As to the second claim, the court correctly ruled that the Virginia Court of Appeals' rationale for (again) finding a lack of resulting prejudice was not contrary to, or an unreasonable application of, federal law, in part because there simply was no prejudice flowing from Venable not testifying at trial and, regardless, Hammer's argument pertaining to the denied continuance "construe[d] his Sixth Amendment rights too broadly." (Order at 14).

Next, the district court found that the claim seeking to invalidate Hammer's waiver of his right to counsel was both unexhausted and procedurally defaulted because Hammer did not raise it on appeal to the Virginia Court of Appeals, and that Hammer failed to overcome the resulting procedural bar. Upon review, we hold that this conclusion is not debatable. Finally, Hammer challenges the denial of his motions for discovery and an evidentiary hearing. We discern no abuse of discretion as to the former ruling and observe that Hammer did not renew his motion for an evidentiary hearing after the magistrate judge's initial denial without prejudice.

For these reasons, we deny Hammer's motion for a certificate of appealability—as well as his motions for leave to obtain a subpoena duces tecum and for judicial notice—and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*